J-S70003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EUGENE JACOBS, | |
| Appellant | No. 250 EDA 2016 |

Appeal from the PCRA Order of January 5, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1003721-1995

BEFORE:  OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                **FILED DECEMBER 02, 2016**

Appellant, Eugene Jacobs, appeals *pro se* from the order entered on January 5, 2016, which dismissed his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On October 2, 1996, a jury found Appellant guilty of first-degree murder, robbery, theft, and possessing an instrument of crime.[1]  On October 4, 1996, the trial court sentenced Appellant to serve a term of life in prison for the murder conviction and various other terms of imprisonment for the remaining convictions.  We affirmed Appellant's judgment of sentence on December 1, 1999; Appellant did not file a petition for allowance of appeal

---

[1] 18 Pa.C.S.A. §§ 2502, 3701, 3921, and 907, respectively.

with the Pennsylvania Supreme Court. ***Commonwealth v. Jacobs***, 750 A.2d 369 (Pa. Super. 1999) (unpublished memorandum) at 1-16.

On November 30, 2000, Appellant filed his first PCRA petition and the PCRA court appointed counsel to represent Appellant. On October 2, 2002, the PCRA court dismissed Appellant's petition and, after a lengthy appeal, this Court affirmed the dismissal on April 8, 2009. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 9, 2009. ***Commonwealth v. Jacobs***, 974 A.2d 1184 (Pa. Super. 2009) (unpublished memorandum) at 1-16, *appeal denied*, 985 A.2d 970 (Pa. 2009).

On May 14, 2012, Appellant filed the current petition, which constitutes Appellant's second petition for post-conviction collateral relief under the PCRA. Within Appellant's petition, Appellant acknowledged that he filed his petition more than one year after his judgment of sentence became final. However, Appellant claimed that his petition was timely under the "newly recognized constitutional right" exception to the PCRA's time-bar. Specifically, Appellant claimed that he filed his petition within 60 days of the United States Supreme Court's decision in ***Martinez v. Ryan***. ***See Martinez v. Ryan***, ___ U.S. ___, 132 S.Ct. 1309 (2012); Appellant's

- 2 -

Second PCRA Petition, 5/14/12, at Supplemental 1.[2]  In *Martinez*, the United States Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal *habeas* court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, ___ U.S. at ___, 132 S.Ct. at 1320.  In other words, the *Martinez* Court held that, where counsel is ineffective in an initial state collateral review proceeding, and where the ineffectiveness caused the petitioner to procedurally default on a "substantial" substantive claim, the ineffectiveness "may provide cause [to excuse a] procedural default in a [later] **federal *habeas* proceeding**."  *Martinez*, ___ U.S. at ___, 132 S.Ct. at 1315 (emphasis added).

On January 5, 2016, the PCRA court dismissed Appellant's petition without a hearing and, on January 12, 2016, Appellant filed a timely notice of appeal.  We now affirm the dismissal of Appellant's patently untimely, serial PCRA petition.

As our Supreme Court held, we "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by

---

[2] The United States Supreme Court decided *Martinez* on March 20, 2012.

evidence of record and whether its decision is free from legal error." ***Commonwealth v. Liebel***, 825 A.2d 630, 632 (Pa. 2003).

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." ***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we consider the underlying claims. ***Commonwealth v. Yarris***, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. ***See***, ***e.g.***, ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); ***Commonwealth v. Fahy***, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our

> subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 475-476 (Pa. 2003).

In the case at bar, Appellant's judgment of sentence became final in 1999. As Appellant did not file his current petition until May 14, 2012, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Here, Appellant purports to invoke the "newly recognized constitutional right" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> . . .
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

According to Appellant, in **Martinez v. Ryan**, the United States Supreme Court recognized a new constitutional right and, in accordance with this new constitutional right, Appellant is now entitled to raise claims that his trial counsel and direct appellate counsel were ineffective. This claim fails.

The "newly recognized constitutional right" exception to the PCRA's time-bar is codified in 42 Pa.C.S.A. § 9545(b)(1)(iii). As our Supreme Court has explained:

> Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

**Commonwealth v. Copenhefer**, 941 A.2d 646, 649-650 (Pa. 2007), quoting **Commonwealth v. Abdul-Salaam**, 812 A.2d 497, 501 (Pa. 2002) (internal corrections omitted). Moreover, since the plain statutory language of section 9545 demands that the PCRA petition "allege" all elements of the statutory exception, it is clear that – to properly invoke the "newly

recognized constitutional right" exception – the petitioner must plead each of the above-stated elements in the petition. 42 Pa.C.S.A. § 9545(b)(1).

As stated above, in **Martinez**, the Supreme Court held that, where counsel is ineffective in a prior, initial state collateral review proceeding, and where the ineffectiveness caused the petitioner to procedurally default on a substantive claim, counsel's ineffectiveness "may provide cause [to excuse a] procedural default in a federal *habeas* proceeding." **Martinez**, ___ U.S. at ___, 132 S.Ct. at 1315. Yet, as the **Martinez** Court explicitly declared, it was **not** handing down a "constitutional ruling" and it was not recognizing a new constitutional right. **Martinez**, ___ U.S. at ___, 132 S.Ct. at 1319-1320. Rather, the **Martinez** Court based its holding upon an "equitable" exception to a court-created doctrine that is applicable only in the federal courts. **Id.**; **see also Coleman v. Thompson**, 501 U.S. 722, 730-731 (1991) (in *habeas* proceedings, the doctrine of "procedural default" arises from the "independent and adequate state ground doctrine" – which, in turn, "is grounded in concerns of comity and federalism"); **Martinez**, ___ U.S. at ___, 132 S.Ct. at 1315.

Since **Martinez** did not recognize a new constitutional right, Appellant's attempt to invoke the "newly recognized constitutional right" exception to the PCRA's one-year time-bar immediately fails. Further, since Appellant has not attempted to plead any other exception to the time-bar, we conclude that Appellant's petition is time-barred and that our "courts are

without jurisdiction to offer [Appellant] any form of relief." **Commonwealth v. Jackson**, 30 A.3d 516, 523 (Pa. Super. 2011). Therefore, we affirm the PCRA court's order dismissing Appellant's second PCRA petition without a hearing.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2016